**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **RILEY GRAHAM (1)** | § | |
| **aka David Drake,** | § | **CRIMINAL ACTION NO.** |
| **BROOKE CRAWFORD (2),** | § | **1:25-CR-38** |
| **MARK DAY (3),** | § | |
| **RIAN GRAHAM (4),** | § | **(Judge Crone)** |
| **TROI GRAHAM (5),** | § | |
| **KELLEE SIMS (6),** | § | |
| **RAYSEAN GRAHAM (7), and** | § | |
| **SYLVIA SHANN (8),** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT BROOKE CRAWFORD'S MOTION TO DISMISS COUNT ONE OF THE SECOND SUPERSEDING INDICTMENT AS DUPLICITOUS, OR, IN THE ALTERNATIVE, TO COMPEL ELECTION AND FOR PROTECTIVE JURY INSTRUCTIONS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant Brooke Crawford (2), by and through her undersigned counsel of record, and, pursuant to Rules 7(c)(1), 8(a), and 12(b)(3)(B)(i) of the Federal Rules of Criminal Procedure, files this Motion to Dismiss Count One of the *Second Superseding Indictment* as Duplicitous, or, in the Alternative, to Compel Election and for Protective Jury Instructions, and in support thereof respectfully shows the Court as follows:

## I. INTRODUCTION

1. On Wednesday, September 2, 2026, the grand jury returned a one-count *Second Superseding Indictment* (Dkt. 225) charging all eight defendants with a single

conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, alleged to have run from "in or about June 2019" through "in or about October 2024." (Dkt. 225 ¶ 12.)

2. The indictment does not describe one agreement. In its own words, the alleged enterprise "employed two basic schemes." (*Id.* ¶ 10.) The first offered individual victims the opportunity to invest in the refinancing of real estate for a "guaranteed return on investment of 100 percent within 90 days." (*Id.*) The second offered "to purchase privately owned companies at well above market value" to induce the owners to give up company assets and control. (*Id.*) The overt acts follow the same division. The first scheme is alleged through acts in Texas in 2019 and a single telephone call in August 2021. (*Id.* ¶ 15(a)–(g), (j).) The second begins on March 10, 2024, and is alleged through acts directed at a North Carolina company in the spring of 2024. (*Id.* ¶ 15(k)–(y).) A third category of conduct, two June 2020 applications to the Small Business Administration attributed only to Defendants Troi Graham and Rian Graham, fits neither scheme described in paragraph 10. (*Id.* ¶ 15(h)–(i).)

3. Count One therefore joins in a single count at least two distinct offenses, each with its own victims, its own time frame, its own means, and largely its own participants, separated by a period of more than thirty months in which the indictment alleges no act by anyone. That is duplicity. Because an objection to a duplicitous count must be raised before trial, Fed. R. Crim. P. 12(b)(3)(B)(i), Defendant Crawford raises it now. She asks the Court to dismiss Count One as to her or, in the alternative, to require the Government to elect the offense on which it will proceed against her and

to protect her right to a unanimous verdict through a multiple-conspiracy instruction, a specific unanimity instruction, and a special verdict form.

4. This is Defendant Crawford's first motion directed to the form or sufficiency of any charging instrument in this case. She did not join the pro se motions of Defendant Riley Graham (1), which the Court addressed in its *Report and Recommendation* of September 17, 2026 (Dkt. 260), adopted October 6, 2026 (Dkt. 302). Those motions did not raise duplicity, and the *Report and Recommendation* did not decide it.

## II. STATEMENT OF THE ISSUES

**Issue One.** Whether Count One of the *Second Superseding Indictment* is duplicitous because it joins in a single count more than one distinct agreement: the 2019 investment solicitations, the June 2020 Small Business Administration applications, and the 2024 Carolina's Contracting acquisition.

**Issue Two.** If Count One is duplicitous, whether the Court should dismiss it as to Defendant Crawford or, in the alternative, require the Government to elect the agreement on which it will proceed against her, or protect her right to a unanimous verdict through a multiple-conspiracy instruction, a specific unanimity instruction, a special verdict form, and a limiting instruction.

## III. THE SECOND SUPERSEDING INDICTMENT

### *A. Procedural History*

5. The original indictment in this case was returned on Wednesday, June 4, 2025. (*See* Dkts. 7–11.) The *First Superseding Indictment*, returned February 5, 2026, charged nineteen counts, including a conspiracy with both bank fraud and wire fraud as its

objects. (Dkt. 119.) The *Second Superseding Indictment* abandoned every substantive count and the bank fraud object and folded the conduct previously charged in separate counts into the manner, means, and overt acts of a single § 1349 count. (Dkt. 225; *see* Dkt. 260 at 2.) On September 25, 2026, the Government filed an *Amended Notice of Penalty* that withdrew the thirty-year maximum premised on an offense affecting a financial institution (Dkt. 277), and a *Bill of Particulars* seeking a separate money judgment against each defendant, including $264,935.49 against Defendant Crawford (Dkt. 278 ¶ 18(b)(ii)).

### *B. The First Scheme: Investment Solicitations in 2019*

6. The first scheme, as pleaded, involved the promotion of the Mildred Drake Family Trust as a real estate investment. (Dkt. 225 ¶¶ 10, 14(a)–(e).) Victims were to obtain personal loans and credit cards to fund lines of credit and to wire money to Defendant Crawford and Drake Human Resources Company. (*Id.* ¶ 14(c)–(e).) The overt acts are an April 2019 pitch by Defendant Riley Graham to J.P., the opening of a Chase account on April 23, 2019, an investment presentation in Beaumont in June 2019, and three wires from G.M. on July 24, August 15, and August 21, 2019. (*Id.* ¶ 15(a)–(g).) The only later act alleged in connection with these victims is a telephone call by Defendant Riley Graham to G.M. and S.M. in August 2021. (*Id.* ¶ 15(j).)

### *C. The June 2020 SBA Applications*

7. The indictment alleges that on June 19 and June 26, 2020, Defendants Troi Graham and Rian Graham each submitted an Economic Injury Disaster Loan application to the Small Business Administration containing the personal identifying information

of G.M. or S.M. (*Id.* ¶ 15(h)–(i).) It describes them as Defendant Riley Graham's daughters "who filed fraudulent SBA loan applications using information from the fraudulent enterprise." (*Id.* ¶ 5.) Neither paragraph 10 nor the manner and means in paragraph 14 describes any scheme directed at the Small Business Administration. No other defendant is alleged to have taken part in these applications, and neither Defendant Troi Graham nor Defendant Rian Graham is alleged to have committed any other act.

### *D. The Second Scheme: Carolina's Contracting LLC in 2024*

8. After the August 2021 telephone call, the indictment alleges nothing until March 10, 2024, when a Mildred Drake Family Trust subsidiary signed an agreement to purchase Carolina's Contracting LLC from J.S. and L.M. for $10,000,000. (*Id.* ¶ 15(k).) The second scheme is pleaded through a merger agreement with D&D Maritime USA, Inc., a series of emails from Defendant Riley Graham to J.S. and L.M. in March and April 2024, wires from Carolina's Contracting LLC to an account controlled by Defendant Kellee Sims in April and May 2024, and onward transfers to Defendant Mark Day. (*Id.* ¶¶ 14(f)–(h), 15(k)–(y).) Defendants Sims, Raysean Graham, and Sylvia Shann are described only in connection with this scheme and with "business activities in North Carolina in 2024." (*Id.* ¶¶ 6–8.) Defendant Crawford's alleged role in it consists of serving as a broker or representative in the purchase negotiations, being placed in the company's management, and emailing a buy/sell agreement to Defendant Riley Graham on April 26, 2024. (*Id.* ¶¶ 14(f)–(g), 15(u).)

9. Two overt acts allege that Defendant Day wired $25,000 and $5,000 to an account belonging to G.M. on April 18 and May 6, 2024. (*Id.* ¶ 15(t), (x).) The indictment does not allege that any other participant in the 2024 transactions knew of or agreed to those payments, or that the participants in the 2019 solicitations agreed in 2019 to any later acquisition of a company.

## IV. ARGUMENT AND AUTHORITIES

### *A. Duplicity Is Judged on the Face of the Indictment and Must Be Raised Before Trial.*

10. "'[D]uplicity' occurs when a single count in an indictment contains two or more distinct offenses." *United States v. Miller*, 520 F.3d 504, 512 (5th Cir. 2008); *see also United States v. Sharpe*, 193 F.3d 852, 865 (5th Cir. 1999). The inquiry is confined to the charging instrument: the Court's task is "solely to assess whether the indictment itself can be read to charge only one violation in each count." *United States v. Mauskar*, 557 F.3d 219, 225 (5th Cir. 2009) (citation omitted). For purposes of this Motion, the allegations of the *Second Superseding Indictment* are taken as true. *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011).

11. A defect in the indictment, including "joining two or more offenses in the same count (duplicity)," must be raised by pretrial motion if the basis for the motion is reasonably available. Fed. R. Crim. P. 12(b)(3)(B)(i); *see Mauskar*, 557 F.3d at 225 (citing *United States v. Payne*, 341 F.3d 393, 402 (5th Cir. 2003)). Under the *Amended Pretrial Order*, pretrial motions are due by 12:00 p.m. on Monday, November 16, 2026. (Dkt. 341.) This Motion is timely.

### *B. Count One Alleges Two Agreements, Not One Agreement With Two Objects.*

12. Defendant Crawford anticipates that the Government will rely on the rule that "[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for '[t]he conspiracy is the crime, and that is one, however diverse its objects.'" *Mauskar*, 557 F.3d at 225–26 (quoting *United States v. Cooper*, 966 F.2d 936, 939 (5th Cir. 1992), and *Braverman v. United States*, 317 U.S. 49, 54 (1942)). That rule does not answer this Motion. It addresses a single agreement with several criminal objects. Count One has only one object, wire fraud. The question here is different: whether the indictment alleges one agreement or more than one. Under *Braverman*, it is the agreement that constitutes the conspiracy, 317 U.S. at 53–54, and separate agreements are separate offenses even when they share an object statute. *See Kotteakos v. United States*, 328 U.S. 750 (1946).

13. The Fifth Circuit counts conspiracies by examining "(1) the existence of a common goal; (2) the nature of the scheme; and (3) the overlapping of the participants in the various dealings." *United States v. Morris*, 46 F.3d 410, 415 (5th Cir. 1995) (citing *United States v. Richerson*, 833 F.2d 1147, 1153 (5th Cir. 1987)). Applied to the face of Count One, each factor points to separate agreements.

14. **Common goal.** The only goal the indictment ascribes to the entire enterprise is "to unlawfully and unjustly enrich themselves by obtaining money from individual and institutional victims." (Dkt. 225 ¶ 13.) That describes the motive behind every fraud. If a shared desire for money were enough, any two frauds committed by overlapping people could be charged as one. The indictment itself rejects that level of generality

by identifying “two basic schemes” with different representations aimed at different victims. (*Id.* ¶ 10.)

15. **Nature of the scheme.** The two schemes share no material feature beyond the name of the Mildred Drake Family Trust. The first solicited individual investors in Texas to borrow money and open credit cards on the promise of a 100 percent return in ninety days. (*Id.* ¶¶ 10, 14(c)–(e), 15(a)–(g).) The second offered to buy an operating construction company in North Carolina for $10,000,000 in order to obtain its assets and control. (*Id.* ¶¶ 10, 14(f)–(h), 15(k)–(y).) The victims, the representations, the method of obtaining money, the location, and the year all differ. The indictment alleges no act of any kind from August 2021 to March 2024. A conspiracy that goes silent for more than thirty months and then reappears in a different form, against different victims, in a different state, is pleaded as two.

16. **Overlapping participants.** Of the eight defendants, five appear on only one side of the divide. Defendants Sims, Raysean Graham, and Shann are tied only to the 2024 North Carolina transactions. (*Id.* ¶¶ 6–8, 15(r)–(s), (v)–(y).) Defendants Troi Graham and Rian Graham are tied only to the June 2020 SBA applications. (*Id.* ¶¶ 5, 15(h)–(i).) None of the 2019 victims is alleged to have dealt with the 2024 participants, and J.S. and L.M. are not alleged to have dealt with anyone involved in the 2019 solicitations other than Defendants Riley Graham, Day, and Crawford. The recurrence of three individuals across two schemes five years apart does not convert two agreements into one. *Kotteakos* itself involved a single central figure who dealt with each group of participants. 328 U.S. at 753–55.

17. The two overt acts alleging that Defendant Day paid $30,000 to G.M. in the spring of 2024 do not change the analysis. (Dkt. 225 ¶ 15(t), (x).) At most they allege that one participant in the second scheme used some of its proceeds to pay a creditor from the first. They do not allege that anyone else agreed to those payments, that the 2024 participants agreed to further the 2019 solicitations, or that the 2019 participants agreed in 2019 to defraud a company that the indictment does not allege anyone had yet identified. A later payment to a former victim may be evidence the Government offers at trial, but it does not plead a single continuing agreement.

18. The June 2020 SBA applications are a third offense. They were directed at a federal lending program rather than at private investors or business owners, are attributed to two defendants who appear nowhere else in the overt acts, and are described as a use of "information from the fraudulent enterprise" rather than as a part of either scheme. (*Id.* ¶¶ 5, 10, 15(h)–(i).) Taking information obtained in one fraud to commit another is a second offense, not a continuation of the first.

### *C. The Duplicity Prejudices Defendant Crawford.*

19. **Unanimity.** As pleaded, Count One would permit some jurors to convict Defendant Crawford because they find she joined the 2019 investment solicitations and others because they find she joined the 2024 acquisition, with no twelve jurors agreeing that she joined any one agreement. That is the central danger of a duplicitous count. *See Sharpe*, 193 F.3d at 866. The *Report and Recommendation* concluded that jurors need not agree on each "manner and means" of a single conspiracy. (Dkt. 260 at 6–

7.) That conclusion assumed a single agreement. It did not consider whether jurors must agree on which of two pleaded agreements a defendant joined.

20. **Limitations.** The original indictment was returned on June 4, 2025, so the five-year limitations period of 18 U.S.C. § 3282(a) reaches back to June 4, 2020. With the financial institution allegation withdrawn (Dkt. 277), the extended period of 18 U.S.C. § 3293(2) is not invoked. Every act the indictment attributes to Defendant Crawford in connection with the 2019 solicitations occurred before June 4, 2020. (Dkt. 225 ¶¶ 9(a), 14(b)–(e), 15(b), (c), (e)–(g).) Whether any agreement she joined continued into the limitations period is a question the jury must answer for each agreement. A general verdict on a count that combines two agreements would not reveal whether the jury answered it.

21. **Spillover and confusion.** A single count spanning five years, eight defendants, three categories of victims, and two states invites the jury to infer Defendant Crawford's agreement to one scheme from evidence of another, including evidence of SBA applications in which she is not alleged to have had any part. *See Kotteakos*, 328 U.S. at 774–77.

22. **Forfeiture and the record.** The Government seeks a money judgment of $264,935.49 against Defendant Crawford "representing the proceeds of the offense." (Dkt. 278 ¶ 18(b)(ii).) If the jury returns a general verdict on a count combining two offenses, neither the Court at the forfeiture phase nor any later court will be able to determine which offense the jury found or which proceeds are traceable to it.

### *D. The Appropriate Relief.*

23. Defendant Crawford asks first that Count One be dismissed as to her. In the alternative, she asks that the Court order the Government to elect, before trial, the agreement on which it will proceed against her. In the further alternative, she asks that the Court (a) instruct the jury on multiple conspiracies; (b) give a specific unanimity instruction requiring the jury to agree unanimously on the particular agreement, if any, that Defendant Crawford knowingly and willfully joined; (c) submit a special verdict form identifying that agreement and whether it continued on or after June 4, 2020; and (d) give a limiting instruction confining the evidence of the June 2020 SBA applications to the defendants to whom it is attributed. The Fifth Circuit has recognized that a specific unanimity instruction can guard against a non-unanimous verdict on a challenged count. *Mauskar*, 557 F.3d at 227–28 (citing *United States v. Fisher*, 106 F.3d 622, 633 (5th Cir. 1997)).

## V. PRESERVATION OF DEFENSES

24. Defendant Crawford gives notice that she asserts the statute of limitations, 18 U.S.C. § 3282(a), as a defense to Count One and will request a limitations instruction at trial. A limitations defense under § 3282(a) is forfeited if not raised at trial. *Musacchio v. United States*, 577 U.S. 237 (2016). Nothing in this Motion waives that defense or any other defense, objection, or request for instruction, including the defense of withdrawal, and Defendant Crawford reserves her right to move for judgment of acquittal under Rule 29 on the ground of a variance between the single conspiracy charged and the proof at trial.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Brooke Crawford respectfully prays that the Court grant this Motion and:

a. dismiss Count One of the *Second Superseding Indictment* as to Defendant Crawford as duplicitous;

b. in the alternative, order the Government to elect, before trial, the single agreement on which it will proceed against Defendant Crawford under Count One;

c. in the further alternative, instruct the jury on multiple conspiracies, give a specific unanimity instruction as to the agreement Defendant Crawford is alleged to have joined, submit a special verdict form identifying that agreement and whether it continued on or after June 4, 2020, and give a limiting instruction as to the evidence of the June 2020 SBA applications; and

d. grant Defendant Crawford such other and further relief to which she may show herself justly entitled.

Date: 11/09/2026

Respectfully submitted,

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**
***Vincent Law, PLLC***
Bar No. MN 0403083
Admitted to Practice, U.S. District Court
for the Eastern District of Texas
**Mailing Address:**
1035 Dairy Ashford, Suite 145
Houston, Texas 77079
Telephone: (713) 223-9300
Facsimile: (832) 603-4444
Email: **info@vincentlawpllc.com**
**Attorney for Defendant Brooke Crawford**

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including standby counsel for Defendant Riley Graham (1), and that a copy was served by United States mail upon Defendant Riley Graham, Reg. No. 54882-019, FCI Beaumont Medium, P.O. Box 26040, Beaumont, Texas 77720.

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**

## CERTIFICATE OF CONFERENCE

I hereby certify that on Monday, November 2, 2026, I conferred by email with Assistant United States Attorneys John B. Ross and Christopher R. Jackson regarding the relief requested in this Motion, including each item of alternative relief. On Tuesday,

November 3, 2026, Assistant United States Attorney Ross advised by email that the Government opposes the Motion on all points. The Motion is therefore presented to the Court as opposed.

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**