IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:25-CR-38 |
| | § | (Judge Marcia Crone) |
| BROOKE CRAWFORD (2) | § | |
| RIAN GRAHAM (4) | § | |
| TROI GRAHAM (5) | § | |
| KELLEE SIMS (6) | § | |

# **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

## **INTRODUCTION TO FINAL INSTRUCTIONS**
## **(Pattern Crim. Jury Instr. 5th Cir. 1.03 (2024))**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

**DUTY TO FOLLOW INSTRUCTIONS**
**(Pattern Crim. Jury Instr. 5th Cir. 1.04 (2024))**

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy, and without consulting any outside or online source or materials. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**PRESUMPTION OF INNOCENCE,**
**BURDEN OF PROOF, REASONABLE DOUBT**
**(Pattern Crim. Jury Instr. 5th Cir. 1.05 (2024))**

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].

The government has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the

government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE
**(Pattern Crim. Jury Instr. 5th Cir. 1.06 (2024))**

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.

Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

**EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL**
**(Pattern Crim. Jury Instr. 5th Cir. 1.08B (2024))**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence,

whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

**CREDIBILITY OF WITNESSES**
**(Pattern Crim. Jury Instr. 5th Cir. 1.09 (2024))**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant(s)] who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant(s) should be weighed, and her (their) credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**EXPERT OPINION TESTIMONY**
**(Pattern Crim. Jury Instr. 5th Cir. 1.18 (2024))**

During the trial, you heard the testimony of ____________. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

**ON OR ABOUT**
**(Pattern Crim. Jury Instr. 5th Cir. 1.19 (2024))**

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendants committed the crime on a date reasonably near June 2019 and continuing thereafter up to and including October 2024, the dates stated in the Second Superseding Indictment.

**VENUE – CONSPIRACY**
**(Pattern Crim. Jury Instr. 5th Cir. 1.20 (2024))**

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Eastern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendants never set foot in the district. An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in

the Eastern District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that Beaumont, Jefferson County, Texas is located in the Eastern District of Texas.

**CAUTION—CONSIDER ONLY CRIME CHARGED**
**(Pattern Crim. Jury Instr. 5th Cir. 1.21 (2024))**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crime charged. The defendants are not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

**CAUTION—PUNISHMENT**
**(Pattern Crim. Jury Instr. 5th Cir. 1.22 (2024))**

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

**MULTIPLE DEFENDANTS – SINGLE COUNT**

**(Pattern Crim. Jury Instr. 5th Cir. 1.24 (2024))**

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

**IDENTIFICATION TESTIMONY**
**(Pattern Crim. Jury Instr. 5th Cir. 1.31 (2024))**

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of the defendant as the perpetrator of the alleged offense.

In evaluating the identification testimony of a witness, you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

**SIMILAR ACTS**
**(Pattern Crim. Jury Instr. 5th Cir. 1:32 (2024))**

You have heard evidence of acts of the defendants which may be similar to those charged in the Second Superseding Indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendants committed the acts charged in the Second Superseding Indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendants did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendants had the state of mind or intent necessary to commit the crime charged in the indictment;

**or**

Whether the defendants had a motive or the opportunity to commit the acts charged in the indictment;

**or**

Whether the defendants acted according to a plan or in preparation for commission of a crime;

**or**

Whether the defendants committed the acts for which they are on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

**DELIBERATE IGNORANCE**
**(Pattern Crim. Jury Instr. 5th Cir. 1.42 (2024))**

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his or her eyes to what would otherwise have been obvious to them. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself or herself to the existence of a fact.

**CAUTIONARY INSTRUCTION DURING TRIAL – TRANSCRIPT OF TAPE-RECORDED CONVERSATION**
**(Pattern Crim. Jury Instr. 5th Cir. 1.49 (2024))**

Exhibits ________ have been identified as typewritten transcripts of the oral conversations which can be heard on the tape recordings received in evidence as Exhibits ________.

The transcripts also purport to identify the speakers engaged in such conversations.

I have admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversations as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcripts correctly or incorrectly reflect the content of the conversations or the identity of the speakers is entirely for you to

determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcripts, and from your own examination of the transcripts in relation to your hearing of the tape recordings themself as the primary evidence of its own contents; and, if you should determine that a transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

**SUMMARIES AND CHARTS RECEIVED IN EVIDENCE**
**PURSUANT TO FED. R. EVID. 1006**
**(Pattern Crim. Jury Instr. 5th Cir. 1.52 (2024))**

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

**SUMMARY WITNESS TESTIMONY AND CHARTS**
**BASED ON OTHER EVIDENCE**
**(Pattern Crim. Jury Instr. 5th Cir. 1.53 (2024))**

Summary testimony by a witness and charts or summaries prepared or relied upon by the witnesses have been received into evidence for the purpose of explaining facts disclosed by testimony and exhibits which are also in evidence in this case. If you find that such summary testimony and charts correctly reflect the other evidence in the case, you may rely upon them. But if and to the extent that you find they are not in truth summaries of the evidence in the case, you are to disregard them. The best evidence of what occurred are the underlying records themselves.

**COUNT ONE**

## CONSPIRACY TO COMMIT WIRE FRAUD[1]

The defendants are charged in Count One of the Second Superseding Indictment with the offense of conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349.

Title 18, United States Code, Section 1349, makes it a crime for anyone to conspire to commit the offense of wire fraud.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

***First***: That two or more persons agreed to commit wire fraud;

***Second***: That the defendant knew the unlawful purpose of the agreement; and

***Third***: That the defendant joined the agreement with the intent to further the unlawful purpose.

[1] There is no Fifth Circuit pattern instruction for 18 U.S.C. § 1349, Conspiracy to Commit Wire Fraud. A nearly identical instruction for this exact charge has been used by this Court and in the Eastern District of Texas before, including in *United States v. Riley Graham*, 1:25-CR-38(1); *United States v. Bello, et al.,* (4:23-CR-136); *United States v. Vaughan*, (4:22-CR-162); *United States v. Hill, et al.,* (4:22-CR-110) and *United States v. Ita, et al.,* (4:21-CR-253). The above is an amalgam of the pattern instructions for general § 371 conspiracy, § 1956(h) money laundering conspiracy (which similarly does not require an overt act), and § 1343 wire fraud. PATTERN JURY INSTRUCTIONS (Criminal Cases), Fifth Circuit, No. 2.15A, 2024 Edition (general conspiracy instructions related to 18 U.S.C. § 371); PATTERN JURY INSTRUCTIONS (Criminal Cases), Fifth Circuit, No. 2.57, 2024 Edition (wire fraud); PATTERN JURY INSTRUCTIONS (Criminal Cases), Fifth Circuit, No. 2.76C 2024 Edition (money laundering conspiracy); *Whitfield v. United States*, 543 U.S. 209, 214 (2005) (finding that where the statutory text "does not expressly make the commission of an overt act an element of the conspiracy offense, the Government need not prove an overt act to obtain a conviction"); *United States v. Pascacio-Rodriguez*, 749 F.3d 353, 364 (5th Cir. 2014) ("conspiracy to commit fraud offenses" do not require overt act); *see United States v. Roy*, 783 F.3d 418, 420 (2d Cir. 2015) (providing survey of circuits holding that § 1349 has no overt act requirement). *See also United States v. Threadgill*, 172 F.3d 357, 366-367 (5th Cir. 1999) ("[C]onspiring to commit a crime is an offense wholly separate from the crime which is the object of the conspiracy.").

To show that a defendant conspired to commit wire fraud, the government need not prove that the defendant in fact committed the underlying offense of wire fraud. However, a person commits wire fraud when: (1) he or she knowingly devised or intended to devise any scheme to defraud; (2) the scheme to defraud employed false material representations, false material pretenses, or false material promises; (3) he or she transmitted or caused to be transmitted by way of wire, radio, or television communications, in interstate commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme; and (4) he or she acted with a specific intent to defraud.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict her or him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove an overt act in furtherance of the conspiracy.

Circumstantial evidence can prove that the defendant knew of the conspiracy and participated in it.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the Second Superseding Indictment were actually agreed upon or carried

out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

In your consideration of the conspiracy offense as alleged in the Second Superseding Indictment, you should first determine, from all of the testimony and evidence in the case, whether or not the conspiracy existed as charged. If you conclude that a conspiracy did exist as alleged, you should next determine whether or not the defendant under consideration willfully became a member of such conspiracy, that is with the intent to further its unlawful purpose.

In determining whether a defendant was a member of an alleged conspiracy, however, the jury should consider only the evidence, if any, pertaining to that defendant's own acts and statements. A defendant is not responsible for the acts or declarations of other alleged participants until it is established beyond a reasonable doubt, first, that a conspiracy existed, and second, from evidence of that defendant's own acts and statements that the defendant was one of its members.

On the other hand, if and when it does appear beyond a reasonable doubt from the evidence in the case that a conspiracy did exist as charged, and that the defendant under consideration was one of its members, then the statements and acts knowingly made and done during such conspiracy and in furtherance of its objects, by any other proven member of the conspiracy, may be considered by the jury as evidence against the defendant under consideration, even though he was not present to hear the statement made or see the act done. This is true because, as stated earlier, a conspiracy is a kind of partnership so that under the law each member is an agent or partner of every other member, and each member is bound by or responsible for the acts and the statements of every other member made in pursuit of their unlawful scheme.

**"KNOWINGLY" – TO ACT**
**(Pattern Crim. Jury Instr. 5th Cir. 1.41 (2024))**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

**"WILLFULLY" – TO ACT**
**(Pattern Crim. Jury Instr. 5th Cir. 1.43 (2024))**

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

**"SCHEME TO DEFRAUD"**

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme.

**"SPECIFIC INTENT TO DEFRAUD"**

A "specific intent to defraud" means a conscious, knowing intent to deceive and cheat someone.

**"FALSE REPRESENTATION, PRETENSE, OR PROMISE"**

A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

**"MATERIAL REPRESENTATION, PRETENSE, OR PROMISE"**

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed. In determining materiality, you should consider that naivety, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of the defendant.

**INTERSTATE COMMERCE – DEFINED**
**(Pattern Crim. Jury Instr. 5th Cir. 1.44 (2024))**

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

**DUTY TO DELIBERATE**
**(Pattern Crim. Jury Instr. 5th Cir. 1.26 (2024))**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Recall, you must base your verdict solely on the evidence, testimony, and stipulations at trial and not on any outside or online material or source. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt. When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:25-CR-38 |
| | § | (Judge Marcia Crone) |
| BROOKE CRAWFORD, ET AL. | § | |

**VERDICT OF THE JURY**

We, the jury, find as to the offense charged in Count One of the Second Superseding Indictment, the defendant:

Brooke Crawford: ____________ (Guilty) ____________ (Not Guilty)

Rian Graham: ____________ (Guilty) ____________ (Not Guilty)

Troi Graham: ____________ (Guilty) ____________ (Not Guilty)

Kellee Sims: ____________ (Guilty) ____________ (Not Guilty)

________________________
Presiding Juror

Dated: ____________