IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:25-CR-38 |
| | § | (Judge Marcia Crone) |
| BROOKE CRAWFORD (2) | § | |
| RIAN GRAHAM (4) | § | |
| TROI GRAHAM (5) | § | |
| KELLEE SIMS (6) | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT RIAN GRAHAM'S MOTION IN LIMINE**

The United States files this response to Defendant Rian Graham's motion in limine (doc. 419) and replies as follows:

Defendant Rian Graham seeks to limit the testimony of FBI Special Agent Anthony Wright in several respects. Defendant first devotes a large portion of her motion to precluding hearsay testimony. Motion at 3-4. She also seeks to limit case agent summary testimony. Motion at 5-7. However, Defendant's requests are is overbroad in their scope and should be denied to that extent.

First, the government will certainly abide by the Federal Rules of Evidence. For example, agents will testify about their observations, not a defendant's state of mind. However, the certain terms such as "scheme," "fraud," or "conspiracy," are elemental to the government's case. Similarly, agents may characterize Defendant as a "co-conspirator" based on the findings of their investigation. It is completely appropriate and within the agents training and

experience as fraud investigators to identify aspects of the evidence they contend point to the "scheme," "fraud," "conspiracy," and to identify members of such scheme or fraud based on their observations and findings through their investigation.

The testifying agents are well credentialed, and their education, training and experience will be presented to the jury when they testify. Defendant's motion is overbroad in her attempts to exclude proper lay testimony from agents.

Second, the government does not intend to call any agent simply to summarize or recap evidence; instead, as this Court has allowed, the case agents will speak to their respective agencies' (FBI and HSI) investigation, specific steps taken, and evidence reviewed.

This is not summary testimony, and even if it were, the Court should not preclude summary testimony that has been recognized and accepted by the Fifth Circuit, particularly in complex cases such as this. *See, e.g., United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2001), *cert. denied*, 535 U.S. 1016 (2002) (permitting IRS agent to testify as summary witness where summary was based upon evidence already admitted and was accompanied by limiting instruction); *United States v. Moore*, 997 F.2d 55 (5th Cir. 1993) (permitting IRS agent to selectively summarize facts within the scope of his expertise).

Given this circuit's precedent, there is simply no reason to exclude summary testimony, which can be neutralized with a limiting instruction. *See,*

*e.g., United States v. Winn*, 948 F.2d 145, 157–58 (5th Cir. 1991) (concluding that testimony was not reversible error because any prejudice was minimized by a limiting instruction), *cert. denied*, 503 U.S. 976 (1992). Indeed, there will be jury instructions regarding summary testimony, and thus this should be permissible.

The government respectfully requests that the Court deny Defendant's motion in limine to the extent is overbroad.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

/s/ John B. Ross
John B. Ross
Assistant United States Attorney
Texas Bar No. 00788325
550 Fannin Street, Suite 1250
Beaumont, Texas 77701
John.Ross5@usdoj.gov

Christopher R. Jackson
Assistant United States Attorney
Eastern District of Texas
Texas Bar No. 24078722
Christopher.Jackson4@usdoj.gov

550 Fannin Street, Suite 1250
Beaumont, Texas 77701

CERTIFICATE OF SERVICE

This is to certify that on the date of its electronic filing, a true and correct copy of the foregoing instrument was served on the attorney for defendant, by electronic means, pursuant to the Local Rules of this Court.

*/s/* John B. Ross
John B. Ross