**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:25-CR-38-2 |
| | § | |
| BROOKE CRAWFORD | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Brooke Crawford's ("Crawford") Motion to Dismiss Count One of the Second Superseding Indictment as Duplicitous, or, in the Alternative, to Compel Election and for Protective Jury Instructions (#371). The Government filed a response (#400). Crawford filed a reply (#471). Having considered the motion, the Government's response, the reply, the record, and applicable law, the court is of the opinion that the motion should be denied.

I. Background

On June 4, 2025, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned an Indictment, naming Crawford and four codefendants.[1] On February 5, 2026, a First Superseding Indictment (#110) was issued, which added three codefendants.[2] On September 2, 2026, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a Second Superseding Indictment (#225), which substantially limited the charges against all eight

[1] The original Indictment charged Crawford in Count One with Conspiracy to Commit Bank Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349, in Counts Two through Six with Bank Fraud, in violation of 18 U.S.C. § 1344, and in Counts Seven through Thirteen with Wire Fraud, in violation of 18 U.S.C. § 1343.

[2] The First Superseding Indictment charged Crawford in Count One with Conspiracy to Commit Bank Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349, in Counts Two through Six with Bank Fraud, in violation of 18 U.S.C. § 1344, in Counts Seven through Thirteen with Wire Fraud, in violation of 18 U.S.C. § 1343, in Counts Sixteen and Seventeen with Wire Fraud, in violation of 18 U.S.C. §§ 1343, 2, and in Count Eighteen with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h).

codefendants, including Crawford, to a single count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. On September 25, 2026, the Government filed an Amended Notice of Penalty (#277) and Bill of Particulars (#278). On November 9, 2026, Crawford filed the pending Motion to Dismiss Count One of the Second Superseding Indictment as Duplicitous, or, in the Alternative, to Compel Election and for Protective Jury Instructions (#371). The Government filed a Response to Defendant Brooke Crawford's Motion to Dismiss (#400) on November 13, 2026. Crawford filed her reply on November 18, 2026. Jury Selection and Trial are currently scheduled to begin on November 30, 2026.

II. Analysis

Crawford argues that "Count One of the Second Superseding Indictment is duplicitous because it joins in a single count more than one distinct agreement." Crawford identifies what she categorizes as three categories of conduct: (1) the 2019 investment solicitations; (2) the June 2020 Small Business Administration ("SBA") applications; and (3) the 2024 Carolina's Contracting acquisition. Crawford contends that the Second Superseding Indictment describes "two basic schemes," constituting separate offenses, i.e., at least two distinct conspiracies.

To determine if there is a single conspiracy, the United States Court of Appeals for the Fifth Circuit considers: "(1) the existence of a common goal; (2) the nature of the scheme; and (3) the overlapping of the participants in the various dealings." *United States v. Shah*, 95 F.4th 328, 361 (5th Cir. 2024) (quoting *United States v. Beacham*, 774 F.3d 267, 273 (5th Cir. 2014)). Regarding the first prong, the Second Superseding Indictment asserts a common goal of personal enrichment "by obtaining money from individual and institutional victims by means of materially false and fraudulent pretenses, representations, and promises." Crawford counters that this

common scheme to defraud fails due to generality because it "describes the motive behind every fraud." Yet, the Fifth Circuit interprets "the 'existence of a common goal' broadly" with "a common pursuit of personal gain" being "sufficient." *Id.* Here, the Second Superseding Indictment sufficiently alleges a common goal of personal gain shared by all the conspirators.

As to the second prong, "if the activities of one aspect of the scheme are necessary or advantageous to the success of another aspect then that supports a finding of a single conspiracy." *Id.* The Government, in its response, highlights that the Mildred Drake Family Trust ("MDFT") is the common scheme from which all the defendants "grifted off" of during the conspiracy. The court finds that the MDFT fraud scheme was advantageous and central to the success of the entire enterprise. The 2019 investment solicitations, 2020 SBA loan applications, and 2024 acquisition all stem from the promotion, maintenance, and masquerade of the MDFT fraud. Crawford even acknowledges that some of the proceeds from the 2024 acquisition were used to fund payments made to the victims of the 2019 investment solicitation scheme. Thus, the 2024 acquisition was advantageous to the continued deception of the 2019 investment participants. Additionally, the Second Superseding Indictment alleges that the 2020 SBA applications used "information from the fraudulent enterprise." Other aspects of the scheme, therefore, were also advantageous to the SBA loan aspect. There is sufficient interrelatedness across the three identified categories of conduct to support the charge of a single conspiracy.

Finally, the third prong considers the overlap of the participants. *Id.* "[T]here is no requirement that every member must participate in every transaction to find a single conspiracy." *United States v. Quintanilla*, 114 F.4th 453, 467 (5th Cir. 2024). Instead, "[a] single conspiracy exists where a 'key man' is involved in and directs illegal activities, while various combinations

of other participants exert individual efforts toward a common goal." *Shah*, 95 F.4th at 362 (alteration in original) (quoting *United States v. Richerson*, 833 F.2d 1147, 1154 (5th Cir. 1987)). As the Government explains in its response, Riley Graham "led the conspiracy" and "directed the actions of [Crawford] and Mark Day from June 2019 through October 2024." Allegedly, "[t]hose three defendants conspired together continually for the duration of the enterprise." This information is reflected in the Second Superseding Indictment. The Second Superseding Indictment additionally describes how the remaining co-defendants performed various acts to further the scheme to defraud and leveraged the MDFT fraud. Accordingly, the participants are sufficiently overlapping to support a single conspiracy. The court, thus, finds that the Second Superseding Indictment, as alleged, charges a single conspiracy and is not duplicitous.

As the government correctly explained, it is not required to allege or prove an overt act for a charge under 18 U.S.C. § 1349. *United States v. Hoffman*, 901 F.3d 523, 542 n.10 (5th Cir.) ("[S]ection 1349 conspiracy does not require an overt act." (citing *United States v. Sanjar*, 876 F.3d 725, 737 (5th Cir. 2017))), *as revised* (Aug. 28, 2018). Because the court finds that Count One is not duplicitous, Crawford's alternative request for jury instructions regarding unanimity is without basis. In any event, a request for jury instructions within a motion to dismiss the indictment is premature.

III. Conclusion

In accordance with the foregoing, Crawford's Motion to Dismiss (#371) is DENIED.

SIGNED at Beaumont, Texas, this 19th day of November, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE