IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:25-CR-38 |
| | § | (Judge Marcia Crone) |
| BROOKE CRAWFORD (2) | § | |
| RIAN GRAHAM (4) | § | |
| TROI GRAHAM (5) | § | |
| KELLEE SIMS (6) | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT TROI GRAHAM'S MOTION FOR BILL OF PARTICULARS**

Defendant Troi Graham has filed a motion (doc. 415) requesting a bill of particulars. She is not entitled to a bill of particulars. The Court should deny her motion.

1. The Law Does Not Require a Bill of Particulars.

It is well settled that a bill of particulars is not required if a defendant is otherwise provided with sufficient information to enable him to prepare his defense and avoid surprise. *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991). Of course, under Federal Rule of Criminal Procedure 7(f), "the court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f).

The purpose of a bill of particulars is to inform the defendant of the charges against him with sufficient precision to allow him to prepare his defense and prevent unfair surprise. *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983). When an indictment sets forth the elements and factual basis of

the charged offense in sufficient detail to serve these purposes, a bill of particulars is not necessary. *Id.*

The law on this issue has been settled for a long time: A request for a bill of particulars should be denied if the court considers the specificity of the indictment sufficient to apprise the defendant of pending charges and to enable him to plead double jeopardy if there is a subsequent prosecution for the same offense. *Wong Tai v. United States*, 273 U.S. 77 (1927). The criteria for examining the need for a bill of particulars and the sufficiency of an indictment are similar. *Moody* at 351.

Rule 7(c) provides that "the indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offenses charged." Fed. R. Crim. P. 7(c). An indictment is sufficient if it informs the defendant of the elements of the charges against which he must defend. *United States v. Howell*, 719 F.2d 1258, 1261 (5th Cir. 1983). When an indictment, by itself, sufficiently informs a defendant of the elements of the offense charged, a request for a bill of particulars under Rule 7(f) should be denied. *Moody* at 351.

An indictment is sufficient if it (1) contains the elements of the offense charged; (2) fairly informs the defendant of the charges he must prepare to meet; and (3) enables a defendant to plead an acquittal or a conviction to bar future prosecutions for the same offense. *Id.* Where a defendant's request for a bill of particulars goes beyond the information necessary to enable him to

prepare for trial and avoid surprise, it is neither prejudicial nor an abuse of discretion to deny the motion. *United States v. Sherriff*, 546 F.2d 604 (5th Cir. 1977). A bill of particulars should not be granted where the indictment, coupled with pretrial discovery, apprises defendant of pending charges. *Id*.

Even "[w]hen an indictment does not provide adequate notice of the charged offense, a bill of particulars is not warranted if the Government has provided the necessary information in another satisfactory form." *United States v. Carrillo-Morones*, 564 F. Supp. 2d 703, 705 (5th Cir. 2008) (*citing United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005)) (internal quotation marks omitted) (finding that "even if the indictment had not furnished adequate information about the charges brought," the defendants were sufficiently informed of the charges against them because "[t]he government provided both defendants with voluminous discovery, including the testimony and exhibits eventually introduced against them at trial").

"A defendant should not use the bill of particulars to obtain a detailed disclosure of the government's evidence prior to trial." *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) (internal quotation marks and citations omitted); *see also United States v. Davis*, 582 F.2d 947, 951 (1978) ("[I]t is well established that generalized discovery is not a permissible goal of a bill of particulars."). Defendants "are not entitled to discover all the overt acts that might be proved at trial through a bill of particulars." *United States v. Djuga*,

Case No. 14-CR-140, 2015 WL 1412100, at *2 (E.D. La. Mar. 25, 2015) (rejecting defendant's request for "the dates, times, and places at which the Defendant is alleged to have combined, conspired, confederated, and agreed with [other individuals] to commit" the violations alleged in the indictment).

Denial of a motion for a bill of particulars is reviewable on appeal from a judgment of conviction, but the judgment will be reversed only if denial was a clear abuse of discretion. Such an abuse will be found only if it appears that the accused was legitimately surprised at trial and that his rights were substantially prejudiced by the denial. *United States v. Vasquez*, 867 F.2d 872, 874 (5th Cir. 1989).

2. Second Superseding Indictment Clearly Apprises Graham of Charges.

Here, the thirteen-page second superseding indictment exceeds the standards of sufficiency and leaves no doubt as to the nature of the charges against Troi Graham. Doc. 225. The indictment sets forth the timeframe and elements of the 18 U.S.C. § 1349 violation (doc. 225 at ¶ 12). Further, it identifies the common goal of the conspiracy (doc. 225 at ¶ 13); explains the common scheme to defraud (doc. 225 at ¶¶ 2-8, 10, 14a, 14c, 14f, 14g, 14h); and describes the participants (doc. 225 at ¶¶ 1-9).

3. Defendant's Discovery Further Eliminates Need for Bill of Particulars.

The clear information that was provided in the indictment was further explained by the fulsome discovery that the government provided to Defendant

in this case. The discovery has been complete, electronic, and searchable. In cases where the government has provided the defendant "the necessary information in another satisfactory form, such as through discovery, a bill of particulars is unnecessary." *United States v. Castro-Flores*, Case No. 12-CR-614, 2013 WL 6858523, at *2 (S.D. Tex. Dec. 30, 2013); *see also United States v. Carrillo-Morones*, 564 F. Supp. 2d 703, 706-07 (W.D. Tex. 2008) (facts in the indictment "together with the discovery provided by the Government, adequately informs the Defendant"). Thus, Graham has received adequate notice of the charges against her.

The Court should deny Defendant's motion for a bill of particulars.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

/s/ John B. Ross
John B. Ross
Assistant United States Attorney
Eastern District of Texas
Texas Bar No. 00788325
John.Ross5@usdoj.gov

Christopher R. Jackson
Assistant United States Attorney
Eastern District of Texas
Texas Bar No. 24078722
Christopher.Jackson4@usdoj.gov
550 Fannin Street, Suite 1250
Beaumont, Texas 77701

CERTIFICATE OF SERVICE

This is to certify that on the date of its electronic filing, a true and correct copy of the foregoing instrument was served on the attorney for defendant, by electronic means, pursuant to the Local Rules of this Court.

*/s/* John B. Ross
John B. Ross