IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:25-CR-38 |
| | § | (Judge Marcia Crone) |
| BROOKE CRAWFORD (2) | § | |
| RIAN GRAHAM (4) | § | |
| TROI GRAHAM (5) | § | |
| KELLEE SIMS (6) | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT TROI GRAHAM'S MOTION TO SEVER**

Defendant Troi Graham has filed a motion (doc. 414) asking the Court to sever her from this case because, as a matter of law, venue is improper for her in the Eastern District of Texas. She is wrong.

This is a conspiracy case, and venue can be established where the conspiracy agreement was formed or wherever a member of the conspiracy has committed an act in furtherance of the conspiracy. *Hyde v. United States*, 225 U.S. 347, 363–64 (1912), cited in *United States v. Rodriguez-Moreno*, 526 U.S. 275, 281–82 (1999). *See also* United States v. Romans, 823 F.3d 299, 310 (5th Cir. 2016).

This rule applies even where, as here, an overt act is not a required element of the conspiracy offense. *Whitfield v. United States*, 888 F.2d 1406, 543 U.S. 209, 218 (2005), citing *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 252 (1940); *United States v. Trenton Potteries Co.*, 273 U.S. 392,

402–04 (1927). Thus, a co-conspirator can be tried in a district in which he has never set foot. *Hyde v. United States*, 225 U.S. 347, 356–67 (1912). *See also United States v. Uribe*, 890 F.2d 554, 558 (1st Cir. 1989) ("As to the conspiracy charge … it is clear beyond peradventure that venue was proper so long as any act in furtherance of the conspiracy was committed in the district (even if a particular conspirator was not himself physically present there).").

Here, Defendant does not dispute that a conspiracy occurred in the Eastern District of Texas, and rightfully so. The evidence will show that Defendant's coconspirators performed acts in furtherance of the conspiracy in the Eastern District of Texas and, further, that Defendant knowingly and willfully joined the conspiracy. The evidence will show that Defendant's fraudulent SBA application utilized personal identifying information that was taken from a victim in Beaumont pursuant to the conspiracy. Venue is therefore proper in the Eastern District of Texas as to Defendant Troi Graham.

The Court should deny Defendant's motion to sever.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

/s/ John B. Ross
John B. Ross
Assistant United States Attorney
Eastern District of Texas
Texas Bar No. 00788325
John.Ross5@usdoj.gov

Christopher R. Jackson
Assistant United States Attorney
Eastern District of Texas
Texas Bar No. 24078722
Christopher.Jackson4@usdoj.gov
550 Fannin Street, Suite 1250
Beaumont, Texas 77701

CERTIFICATE OF SERVICE

This is to certify that on the date of its electronic filing, a true and correct copy of the foregoing instrument was served on the attorney for defendant, by electronic means, pursuant to the Local Rules of this Court.

/s/ John B. Ross
John B. Ross