**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:25-CR-38 |
| | § | |
| BROOKE CRAWFORD (2) | § | |
| RIAN GRAHAM (4) | § | |
| KELLEE SIMS (6) | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Brooke Crawford's ("Crawford") Objections to the Government's Second Expert Witness Notice and Opposed Motion to Exclude or Limit Expert and Summary Testimony (#466), which is joined by codefendants Rian Graham ("R. Graham) and Kellee Sims ("Sims"). The Government filed a response (#484). Having considered the motion, the Government's response, the record, and applicable law, the court is of the opinion that the motion should be granted in part and denied in part.

I. Background

On June 4, 2025, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned an Indictment, naming Crawford, R. Graham, and three codefendants. On February 5, 2026, a First Superseding Indictment (#110) was issued, which added three codefendants, including Kellee Sims. On September 2, 2026, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a Second Superseding Indictment (#225), which substantially limited the charges against all eight codefendants to a single count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. On September 11, 2026, the court severed Riley Graham ("Graham") from his codefendants for trial (#255). On September 25, 2026, the

Government filed an Expert Witness Notice (#275) as to Graham. The Government filed its Second Expert Witness Notice (#456) as to the remaining four codefendants (collectively "Defendants") on November 17, 2026. The Second Expert Witness Notice identifies three witnesses: Ethan Yang ("Yang"), Tyler Bruce ("Bruce"), and Eduard Mialik ("Mialik"). On November 18, 2026, Crawford filed the pending Objections to the Government's Second Expert Witness Notice and Opposed Motion to Exclude or Limit Expert and Summary Testimony (#466), which is joined by R. Graham and Sims. The Government filed a Response to Defendant Crawford's Objections to Government's Second Expert Witness Notice and Motion to Exclude Expert Testimony (#484) on November 20, 2026. Jury Selection and Trial are currently scheduled to begin on November 30, 2026.

## II. Analysis

Crawford challenges the Government's Second Expert Disclosure as untimely and insufficient. The Government responds, first, that "the testimony likely to be provided by the witnesses identified . . . is [not] 'expert testimony' requiring notice under Rule 16." Instead, the Government explains that this disclosure was provided "out of an abundance of caution." To the extent Yang's, Bruce's, or Mialik's testimony may be construed as lay opinion testimony, the alleged deficiencies in the Government's Second Expert Disclosure set forth by Crawford are irrelevant. *See United States v. Vaughan*, No. CV 4:22-CR-00162, 2025 WL 844363, at *3 (E.D. Tex. Mar. 18, 2025) (holding that testimony of FBI forensic accountants and other financial analysts is lay opinion when summarizing financial records) (collecting cases from other circuits); *see also United States v. El-Mezain*, 664 F.3d 467, 514 (5th Cir. 2011) ("Testimony need not be excluded as improper lay opinion, even if some specialized knowledge on the part of the agents

was required, if it was based on first-hand observations in a specific investigation."), *as revised* (Dec. 27, 2011).

Alternatively, to the extent that Yang, Bruce, or Mialik are considered experts, the Government responds that the provided notice was sufficient.[1] The court agrees. Federal Rule of Criminal Procedure 16(a)(1)(G)(i) provides in part:

> [T]he government must disclose to the defendant, in writing, the information required by (iii) for any testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 during its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C) . . . .

FED. R. CRIM. PROC. 16(a)(1)(G)(i). "[A] [n]otice must clearly state what opinions the expert will give and the bases for those opinions, such that the notified party can discern what opinions the expert holds, why the expert holds those opinions, and how those opinions relate to the facts of the case." *Vaughan*, 2025 WL 844363, at *2. Expert disclosures must be made "sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." FED. R. CRIM. PROC. 16(a)(1)(G)(ii).

Here, Crawford argues, in part, that the provided notice is insufficient because it is not supported by produced work papers and source records, "attributes every account and transaction to 'the defendants'" without distinguishing between the four codefendants, does not state any "opinions," and "describes Mialik's method only as 'standard practices.'" The Government responds that the information and records about which the three identified witnesses will testify and from which the provided summary charts are derived has already been produced.

[1] The Government correctly explains that the minute entry from Graham's Status Conference that "expert witness designations do not meet requirements" (#298) was in reference to Graham's witness list, not the Government's.

Additionally, the Government has stated that any relevant work papers, notes, and other documentation are available for review at FBI offices by appointment.

The Second Expert Disclosure adequately explains the three opinions and the bases for those opinions. The Government lists each of its witnesses, details their qualifications, and describes each expert's anticipated testimony. The court has reviewed the witnesses' qualifications and finds them sufficient. In addition, each witness's proposed testimony appears to be both relevant and reliable. The provided notice explains that the three potential witnesses reviewed and analyzed the bank and financial records obtained during either the FBI's or IRS's investigation and that they will describe and outline the transactions between the parties' accounts and the uses of the funds, as reflected by the financial records and provided summary charts. Crawford may address any alleged shortcomings via rigorous cross-examination at trial.

Specifically, the Second Expert Disclosure sufficiently details that Yang will describe, in part, how Defendants received, controlled, transferred, and used funds during the alleged scheme. Yang will also testify that the transactions he traced were evidence of the charged offense, that the facts underlying his testimony are from evidence uncovered during the investigation of Defendants, and that his testimony is based on his training and experience as an accountant employed by the FBI. Furthermore, the Second Expert Disclosure describes how Bruce will testify based on evidence uncovered during the investigation as well as his training and experience as an accountant employed by the IRS. His testimony will focus on the financial transactions that occurred in relation to the attempted acquisition of Carolina's Contracting in 2024. Therefore, the disclosure, as to these two witnesses, complies with Rule 16.

Moreover, while Crawford correctly points out that Mialik does not have a degree in accounting, Mialik has sufficient investigative experience and first-hand involvement in the Mildred Drake Family Trust and the Carolina's Contracting investigations to justify his being called as a witness. *See Vaughan*, 2025 WL 844363, at *3-4 (finding the expert notice as to two special agents on the case sufficient due to their "first-hand involvement in the investigation"); *see also United States v. Hill*, 63 F.4th 335, 356 (5th Cir. 2023) (holding consistently that "law enforcement agents may 'draw upon their familiarity with a particular case . . . to provide lay opinion testimony regarding the meaning of specific words and terms used by the particular defendants in the case'" (alteration in original) (quoting *United States v. Staggers*, 961 F.3d 745, 761 (5th Cir. 2020))). The disclosure, as to Mialik, likewise adequately explains his opinions and the bases for those opinions. Thus, as to the three witnesses, the disclosure provides sufficient notice for Defendants to have a fair opportunity to prepare for cross-examination and/or to secure opposing experts. *See* FED. R. CRIM. PROC. 16(a)(1)(G).

To the extent that Crawford requests a motion in limine or limiting instructions, such requests are premature. Insomuch as Crawford, however, seeks three days' notice of any pre-prepared "tables and/or diagrams as illustrative aids" by Yang, Bruce, or Mialik that have thus far not already been disclosed or produced by the Government, the court grants this request.

III. Conclusion

In accordance with the foregoing, Crawford's Objections to the Government's Second Expert Witness Notice and Opposed Motion to Exclude or Limit Expert and Summary Testimony (#466) is GRANTED in part and DENIED in part.

SIGNED at Beaumont, Texas, this 23rd day of November, 2026.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE