**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:25-CR-38 |
| | § | |
| BROOKE CRAWFORD (2) | § | |
| RIAN GRAHAM (4) | § | |
| TROI GRAHAM (5) | § | |
| KELLEE SIMS (6) | § | |

## MEMORANDUM AND ORDER

Pending before the court is the Government's Motion in Limine (#410). Defendants Kellee Sims ("Sims"), Brooke Crawford ("Crawford"), Rian Graham ("R. Graham"), and Troi Graham ("T. Graham") (together, "Defendants") filed responses (## 451, 455, 472, 473). Having considered the motion, Defendants' responses, the record, and the applicable law, the court is of the opinion that the motion should be granted in part and denied in part.

I. <u>Background</u>

On June 4, 2025, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned an Indictment (#1) naming Crawford, R. Graham, T. Graham, and two other codefendants. On February 5, 2026, a First Superseding Indictment (#110) was issued, which added Sims and two other codefendants. On September 9, 2026, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a single-count Second Superseding Indictment (#225) charging Defendants and the four other codefendants with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. Jury selection and trial are currently scheduled to begin on November 30, 2026.

II. Analysis

The court has inherent authority to manage the course of trials and thus rule on motions in limine. *See United States v. Logwood*, No. 3:24-CR-00017, 2025 WL 1908976, at *1 (W.D. La. July 10, 2025) (citing *Coates v. TNT Crane & Rigging, Inc.*, No. MO:22-CV-00018-DC, 2023 WL 11915701, at *1 (W.D. Tex. 2023)). A motion in limine "is not a definitive ruling on the admissibility of evidence." *7X Cattle Co., L.L.C. v. Brandstadt*, No. 6:22-cv-396-JDK, 2025 WL 2269797, at *1 (E.D. Tex. July 15, 2025); *Green Acres Baptist Church, Inc. v. Brotherhood Mut. Ins. Co.*, No. 6:23-cv-566-JDK, 2025 WL 747818, at *1 (E.D. Tex. Jan. 17, 2025); *Ogden v. Cozumel, Inc.*, No. A-18-CV-00358-DAE-SH, 2019 WL 5295495, at *1 (W.D. Tex. Oct. 18, 2019) (stating that "[a]ll rulings on motions in limine are preliminary evidentiary rulings [and are] not final" (citing *Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-CV-584, 2016 WL 3877291, at *1 (E.D. Tex. June 27, 2016))). Rather, an order granting a motion in limine is an order requiring the proponent of the evidence to approach the bench and seek leave of court prior to offering the disputed evidence at trial. *7X Cattle Co., L.L.C.*, 2025 WL 2269797, at *1; *Green Acres Baptist Church, Inc.*, 2025 WL 747818, at *1; *see King v. King*, 117 F.4th 301, 306 (5th Cir. 2024); *Rojas v. Richardson*, 703 F.2d 186, 188 (5th Cir. 1983).

The United States Court of Appeals for the Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980); *see Rojas*, 703 F.2d at 189; *Smith v. China Mfrs. All. L.L.C.*, No. 2:19-CV-01111, 2025 WL 1839905, at *2 (W.D. La. July 3, 2025). Nonetheless, they are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted

mid-course for the consideration of lengthy and complex evidentiary issues. *United States v. Spotted Horse*, 916 F.3d 686, 693 (8th Cir. 2019); *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). Motion in limine rulings "are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n.3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41 (1984) (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner); *United States v. Thornhill*, 940 F.3d 1114, 1121 (9th Cir. 2019); *see Jordan v. Maxfield & Oberton Holdings, L.L.C.*, 977 F.3d 412, 418 (5th Cir. 2020).

"[M]otions in limine may [also] be used to secure a pretrial ruling that certain evidence is admissible." *United States v. Barefoot*, No. 3:22-CR-13-DPJ-LGI, 2023 WL 6319893, at *1 (S.D. Miss. Sept. 28, 2023) (quoting *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 3:11-CV-58, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012)); *see United States v. Zelaya*, No. 22-77, 2024 WL 4719502, at *2 (E.D. La. Nov. 8, 2024); *United States v. Kirk*, No. SA11-CR-449(2), 2013 WL 6198221, at *1 (W.D. Tex. Nov. 27, 2013) ("[T]he Government's Motion for Early Admissibility Rulings asked the Court to rule on the admissibility of certain evidence prior to trial and as such, it was, for all intents and purposes, a motion in limine.").

A. <u>Government's Motion in Limine</u>

1. <u>Request One</u>

The Government requests that Defendants be prohibited from making any reference to or indication that the Government has filed a Motion in Limine or any other pre-trial motions. Defendants are unopposed to this request to the extent that it is reciprocal. Therefore, the Government's first request is GRANTED. The Government will likewise be prohibited from

mentioning or making any other reference to pre-trial motions filed by Defendants. Defendants are not barred from raising a defense, argument, or evidence raised in a pre-trial motion.

2. Request Two

The Government requests that Defendants be prohibited from making any reference to plea negotiations in this case or any other case. Defendants do not oppose this request as to the introduction of plea negotiations as to Defendants proceeding to trial on November 30, 2026. Therefore, the Government's request is GRANTED as unopposed to the extent that a party seeks to admit evidence of plea negotiations against Defendants. Defendants are not precluded from cross-examining any witness who has entered a plea agreement about that agreement.

3. Request Three

The Government requests that Defendants be prohibited from making any statement, motion, or request regarding discovery. Crawford, Sims, and T. Graham are unopposed to this request to the extent that discovery issues should be raised outside of the jury's presence. R. Graham appears to be unopposed. The Government's request is GRANTED to the extent that it relates to its compliance with discovery obligations. Defendants remain able to ask questions about evidence or about how that evidence was gathered in the investigation against Defendants.

4. Request Four

The Government seeks to prohibit any description, characterization, or articulation of the Government's burden of proof that is inconsistent with the court's instructions. The court grants the Government's request as unopposed. *See United States v. Morales-Morales*, No. 92-9586, 1993 WL 373576, at *2 (5th Cir. Sept. 10, 1993) (holding that a district court does not abuse its

discretion when it prohibited counsel from "arguing the law to the jury"). The Government is also prohibited from deviating from the court's instructions on its burden of proof.

5. Request Five

The Government requests that the court prohibit Defendants from making any statement or argument calling for jury nullification, including encouraging the jury not to follow the law or the court's instructions, an appeal for pity for Defendants or their families, or an argument that others were not or currently are not charged with a crime in a call for nullification. The Fifth Circuit has "categorically reject[ed] the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent." *United States v. Thompson*, No. 99-41007, 2001 WL 498430, at *16 (5th Cir. Apr. 9, 2001). "Jury nullification is not a 'right' belonging to the defendant." *Id.* "The defendant may not invite or encourage the jury to disregard its duty to apply the law as instructed by the Court." *United States v. McKoin*, No. 3:25-CR-00025-01, 2025 WL 1126550, at *2 (W.D. La. Apr. 16, 2025).

As such, the Government's request is GRANTED to the extent that any statement or reference encourages the jury not to follow the law or the court's instructions, as an appeal for pity for Defendants or their family, or any references to others who were not charged in an attempt at jury nullification. The Government is also subject to this ruling.

6. Request Six

The Government requests that the court prohibit Defendants from making any comment about or displaying a proposed defense exhibit that has not been previously supplied to counsel for the Government. This request is GRANTED as to proposed exhibits. Defendants are not

precluded from publishing or commenting on any admitted exhibit. The Government is also subject to this ruling.

7. Request Seven

The Government requests that the court prohibit Defendants from making any allusion to information or facts available only through the defendant's testimony, unless the defendant informs the court that the defendant will in fact testify. Crawford and Sims's objections are specifically concerned with whether any defendant will be forced to decide to testify before she hears the Government's case against her. *See Brooks v. Tennessee*, 406 U.S. 605, 612-13 (1972). This request is DENIED as it would require the Defendants to decide whether they will testify before the Government presents its case.

8. Request Eight

The Government requests that the court prohibit Defendants from making any argument or suggestion that blames a defendant's conduct on the victims' negligence. The Government's request is GRANTED as unopposed to the extent that the Government requests that the victims' negligence not be used as a defense.

9. Request Nine

The Government requests that Defendants be prohibited from making any reference or argument regarding reputation or character evidence concerning any of the Government's witnesses without first allowing the Government to ensure that the reputation witness possesses the legal qualifications necessary to testify outside of the presence of the jury. This request is GRANTED in PART as unopposed. Defendants remain free to cross-examine witnesses, and this order does not reach impeachment under Federal Rules of Evidence 608(b), 609, and 613. The

parties will be required to approach the bench and make a brief proffer if there are objections to a witness's foundation for providing reputation or character evidence. This ruling applies equally to the Government.

10. Request Ten

The Government requests that Defendants be prohibited from making any reference or argument regarding reputation or character evidence concerning any of the defendants, without first allowing the Government to question the witness outside of the presence of the jury. This request is GRANTED in PART as unopposed. The parties will be required to approach the bench and make a brief proffer if there are objections to a witness's foundation for providing reputation or character evidence. The Government is likewise subject to this ruling.

11. Request Eleven

The Government requests that Defendants be prohibited from making any reference or argument regarding statements made by the defendants, codefendants, or coconspirators to law enforcement, unless the statements are admitted into evidence as a part of the Government's case. This request is GRANTED in PART as unopposed to the extent that the parties must approach the bench before offering their own out-of-court statements. Defendants are not precluded from utilizing the rule of completeness or offering other statements to the extent that there are applicable hearsay exceptions.

12. Request Twelve

The Government asks the court to prohibit any reference or argument about uncalled witnesses or evidence not presented. This request is GRANTED to the extent that the uncalled witness rule does not apply. *See Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047 (5th Cir.

1990) ("Under the uncalled witness rule, a party may be entitled to an adverse inference when the opposing party, having control of a favorable witness, fails to call him to testify."); *Efthemes v. Amguard Ins. Co*, No. 2:19-CV-01409, 2024 WL 7105938, at *3 (W.D. La. May 7, 2024). Defendants are not precluded from arguing that insufficient evidence or no evidence was offered as to an element of the case.

13. Request Thirteen

The Government requests that the court prohibit any statement asking the jury to stand in the shoes of any defendant or her family. This request is GRANTED as unopposed, and the Government is also precluded from asking jurors to imagine themselves in the position of an alleged victim or the victim's family.

14. Request Fourteen

Here, the Government seeks to preclude the defense from making any reference to the possible consequences of conviction. The Government's request is GRANTED as unopposed to the extent that it relates to Defendants' prospective punishment. Mark Day, however, may be questioned as to his expectations regarding his punishment or any benefits he may receive from testifying.

15. Request Fifteen

The Government requests that the court prohibit any mention or attempt to mention the effect of the prosecution on any defendant, her children, or her family. This request is GRANTED as unopposed to the extent that it limits testimony pertaining to the effects of the prosecution of Defendants, her children, or her families in an attempt to garner sympathy.

16. Request Sixteen

The Government requests that Defendants be barred from making any mention or attempt to mention any speculation or suggestion as to why any alleged conspirator was indicted. The Government's request is GRANTED as unopposed to the extent that it limits speculation or suggestions as to why any conspirator was or was not indicted.

## III. Conclusion

Consistent with the foregoing analysis, the Government's Motion in Limine (#410) is GRANTED in PART and DENIED in PART. The parties are prohibited from discussing, arguing, or offering any evidence on the following matters without first approaching the bench:

1. Any pre-trial motions filed or their rulings;
2. Any plea negotiations with Defendants;
3. Any statement, motion, or request regarding discovery to the extent that it relates to a party's compliance with discovery obligations;
4. Any description, characterization, or articulation of the burden of proof inconsistent with the court's instructions;
5. Any statement that encourages the jury not to follow the law or the court's instructions, an appeal for pity for Defendants or their families, and any argument or reference to others who were not charged in an attempt at jury nullification;
6. Any comment about or display of a proposed exhibit that has not been previously supplied to counsel;
7. Any statement or argument suggesting that the victims' negligence is a legal defense;
8. Any reference or argument regarding reputation or character evidence concerning any witnesses, aside from cross-examination or impeachment under Rules 608(b), 609, and 613;
9. Any reference or argument regarding reputation or character evidence concerning Defendants;

10. Any reference or argument regarding statements made by Defendants, codefendants, or coconspirators to law enforcement, unless the statements are admitted into evidence as a part of the Government's case. Defendants are not precluded from utilizing the rule of completeness or offering other statements to the extent that there are applicable hearsay exceptions.

11. Any reference or argument about uncalled witnesses or evidence not presented, to the extent that the uncalled witness rule does not apply. Defendants are not precluded from arguing that insufficient evidence or no evidence was offered as to an element of the case.

12. Any statement asking the jury to stand in the shoes of any defendant, defendant's family, victim, or victim's family.

13. Any reference to the possible consequences of conviction to the extent that it relates to Defendants' prospective punishment.

14. Any mention or attempt to mention the effect of the prosecution on any defendant, her children, or her family in an attempt to garner sympathy.

15. Any mention or attempt to mention any speculation or suggestion as to why any alleged conspirator was or was not indicted.

SIGNED at Beaumont, Texas, this 24th day of November, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE